UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HYATT ET AL.                                        CIVIL ACTION

VERSUS                                              NO: 06-8792

STATE FARM INSURANCE COMPANY                        SECTION: "R"(1)
ET AL.

This Order applies to Case No. 06-10490, Walker et al. v. Allstate.

## ORDER AND REASONS

Before the Court are the motions for partial summary judgment regarding the burden of proof filed by the Law Office of John W. Redmann on behalf of plaintiffs in *Hyatt et al. v. State Farm* (Case No. 06-8792) and *Walker et al. v. Allstate* (Case No. 06-10490). For the following reasons, the Court DENIES the motions.

I.  BACKGROUND

Plaintiffs Lori and Kendall Hyatt sued their homeowner's and business insurer, State Farm, and Brian Bubrig, their insurance

agent, in Louisiana State Court on August 25, 2006. Plaintiffs claim that State Farm acted in bad faith and breached its insurance contracts with plaintiff by failing to timely and adequately adjust plaintiffs' Katrina claims. State Farm removed the case to this Court on October 20, 2006, and on October 30, 2007, the Court granted defendant's motion to dismiss the insurance agent defendant.

Plaintiffs Cynthia Walker and Rodney Jackson sued their homeowner's insurer, Allstate, in Louisiana State Court on August 28, 2006. Plaintiffs claim that Allstate acted in bad faith and breached its insurance contract with plaintiff by failing to timely and adequately adjust plaintiffs' Katrina claims. Allstate removed the case to this Court on November 20, 2006.

On September 12, 2007, plaintiffs filed identical motions for partial summary judgment in both cases. Plaintiffs contends that their homeowner's policies are all-risk insurance policy which provide coverage unless it is expressly excluded. Plaintiffs ask the Court to hold that defendants bear the burden of showing that (1) an exclusion exists in the policy; (2) the exclusion is unambiguous, and (3) the exclusion is applicable to the loss claimed. Allstate contends that plaintiff's motion is not a proper motion for summary judgment because it seeks nothing more than an advisory ruling. Both insurers further aver that

although they do not dispute that an insurer bears the burden of proving an applicable exclusion, plaintiffs bear the burden of segregating their covered and excluded losses and proving the amount of damages attributable to a covered peril.  The Court rules on these issues as follows.

**II.  Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential

element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

Further, where the decision of a question of law by the Court depends upon an inquiry into the surrounding facts and circumstances, the Court must refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently put before the Court. *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1339 (5th Cir. 1983) (quoting *Palmer v. Chamberlin*, 191 F.2d 532, 540 (5th Cir. 1951).

**III. DISCUSSION**

   **1. Unambiguous Exclusion for Water Damage**

Plaintiffs first contend that the defendant insurers have the burden of proving that an exclusion exists in the policy and that the exclusion is unambiguous.  The Court agrees that defendants carry this burden on plaintiffs' dwelling coverage

4

under their homeowner's policies.[1]  The Court further finds that State Farm has already met this burden.  State Farm provided the Court with a copy of plaintiffs' homeowner's policy, which unambiguously excludes damage caused by water. (State Farm Opp'n, Exh. A at SFHYATT 00629-00630). *See also In re Katrina Breaches Consol. Litig.*, 495 F.3d 191 (5th Cir. 2007); *Bilbe v. Belsom*, 2007 WL 2042437, *4 (E.D. La. 2007) ("State Farm's water damage exclusion clearly and unambiguously excludes damages for all flooding").

### 2.   **Applicability of Water Exclusion**

The parties dispute whose burden it is to segregate damages for covered and uncovered perils after the insurer has established an unambiguous exclusion in the policy.

---

[1] Plaintiffs fail to differentiate between their burdens of proof on their dwelling coverage and personal property coverage under their homeowner's policy.  The Court will proceed on the assumption that plaintiffs are seeking a declaration regarding their dwelling coverage.  Plaintiffs' personal property is only covered by loss caused by covered perils listed in the insurance policy. (State Farm Opp'n, Exh A at SFHYATT 00627).

**IV.   CONCLUSION**

For the foregoing reasons, plaintiffs' motion is DENIED.


New Orleans, Louisiana, this <u>14th</u> day of December, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT