UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORI HYATT, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-8792-SSV-SS** |
| **STATE FARM INSURANCE COMPANY, et al** | |

### ORDER

STATE FARM'S MOTION TO QUASH NOTICE OF 30(b)(6) DEPOSITION (Rec. doc. 86)

**GRANTED**

Before the undersigned is the motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), to quash the notice served by the plaintiffs, Lori Hyatt and Kendall Hyatt, of a Fed. R. Civ. P. 30(b)(6) deposition.

The request of the plaintiffs for a Rule 30(b)(6) deposition on the issues described in the notice is not timely. On March 4, 2008, the plaintiffs noticed State Farm's deposition for:

A.  The procedures for informing insureds about the proper amount of coverage; creating an underlying claim file; developing claims handling manuals; materials used to train claims handlers for Katrina claims; using underwriting manuals for setting premiums; maintaining personal files on employees; using investigative reports not included in the claim file; obtaining engineering reports; use of adjuster reports; computer programs used in the adjustment of plaintiffs' claims; and adjusting claims after Katrina and Rita.

B.  Document retention policy; marketing materials; price lists used in computer programs to adjust claims; documents sent or received from XACTWARE to adjust claims; and stock ownership in XACTWARE or other computer programs used for adjusting claims.

Rec. doc. 86 (Exhibit 1).

On August 25, 2006, the plaintiffs filed their petition in state court to recover on policies covering a home and a business, a hair studio, in Buras, Louisiana. Rec. doc. 1. Their motion to

remand was denied on February 7, 2007. Rec. doc. 13. On May 15, 2007, a scheduling order was entered with a requirement that "all discovery shall be completed no later than March 10, 2008, and a trial set for April 21, 2008. Rec doc. 23. The claim against Brian R. Bubrig Insurance Agency, Inc. was dismissed. Rec. doc. 33. The plaintiffs' motion for partial summary judgment regarding the burden of proof was denied. The District Judge found that the State Farm policies contained unambiguous exclusions for water damage. Rec. doc. 34 at p. 4. State Farm filed motions for partial summary judgment on the issues of offset for recovery of flood insurance proceeds, damages for mental anguish and emotional distress and the non-retroactive effect of La. R.S. § 22:658 which are pending. Rec. docs. 59-61.

On March 10, 2008, the discovery deadline, the plaintiffs filed a motion to extend the discovery deadline to April 2, 2008, to permit them to depose: (1) State Farm's expert witnesses; (2) the corporate representative for State Farm; and (3) the claims handlers. The motion was set for hearing before Judge Vance on April 2, 2008. Rec. doc. 84. On that same day, State Farm filed this motion to quash the corporate deposition.

On June 25, 2007, a discovery order was issued in "Robert Prest, III v. State Farm Insurance Co.," 06-6522-SSV-ALC. Counsel for the plaintiff in that action is also counsel for plaintiffs in this action. In Prest, he sought to take a corporate deposition on the same areas of examination as are at issue in the notice filed in this actions. Rec. doc. 86 (Compare exhibits 1 and 2). The plaintiff was allowed to take the corporate deposition on certain of the areas of examination with limitations. Other areas were denied. Rec. doc. 86 (Exhibit 3).

The Hyatts request for the Rule 30(b)(6) deposition was not timely. Although it was noticed four working days before the conclusion of discovery, there was not sufficient time to allow for

completion of discovery within the March 10, 2008 discovery deadline. The scheduling order provides that March 10, 2008 is the deadline for the completion of discovery; it is not the deadline for initiation of discovery. The plaintiffs will not be prejudiced because the deposition of the State Farm representative in the <u>Prest</u> action is available to them. The undersigned reviewed the ruling by the Magistrate Judge in <u>Prest</u> and does not see any reason to depart from that ruling.

IT IS ORDERED that State Farm's motion to quash notice of 30(b)(6) deposition (Rec. doc. 86) is GRANTED

New Orleans, Louisiana, this 24th day of March, 2008.

                                              **SALLY SHUSHAN**
                                        **United States Magistrate Judge**